UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:19-cv-21902-FAM/LOUIS

DANIEL A. CAMARGO,

    Plaintiff(s),

vs.

ROMINA AT THE BEACH, LLC, and
FRITS BOERS,

    Defendants.
_____/

## FIRST AMENDED COMPLAINT

Plaintiff, DANIEL A. CAMARGO ("Plaintiff"), and other similarly situated individuals, by and through the undersigned counsel, hereby sue Defendants, ROMINA AT THE BEACH, LLC, and FRITS BOERS (collectively, "Defendants"), and in support thereof avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiffs for damages exceeding $15,000, excluding attorneys' fees or costs, for unpaid wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiffs were at all times relevant to this action, a resident Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, ROMINA AT THE BEACH, LLC, is a Florida Limited Liability Company, authorized to conduct business in Miami Dade County, Florida, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant FRITS BOERS, is a corporate officer of, and exercised operational control over the activities of corporate Defendant, ROMINA AT THE BEACH, LLC.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff worked for Defendants as a chef/line cook at their restaurant facility, The Fritz Cafe.

9. Throughout Plaintiff's employment, Plaintiff regularly worked in excess of forty (40) hours per week in a given workweek. On average, Plaintiff worked approximately 70-80 hours per week.

10. Plaintiff regularly worked six or seven days per week, often from 7:30am to 10:00pm.

11. Plaintiff was initially paid a salary of approximately $42,000 annually, which was later raised to $45,000 annually.

12. At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiffs in excess of forty (40) in a given work week.

13. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) in a given workweek. Plaintiff was misclassified as an overtime-exempt employee.

14. Throughout his employment, Plaintiff's primary duty was to prepare and cook food. Plaintiff did not regularly supervise other employees, nor did he have independent authority to hire or fire other employees.

15. Plaintiff did not create dishes or plan the menu; nor did he exercise any significant independent discretion with respect to matters of importance.

16. In January 2019, Plaintiff complained to his managers Cathy and Camilo about not getting paid his overtime wages.

17. Shortly thereafter, on or about January 31, 2019, Defendant terminated Plaintiff in retaliation for his complaints about unpaid overtime wages. Defendant did not offer any other reason for Plaintiff's termination

## COUNT I
### *Wage & Hour Federal Statutory Violation against ROMINA AT THE BEACH, LLC*

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

19. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

20. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

21. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual

Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

22. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

23. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

24. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

- A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;
- B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;
- C. Award Plaintiffs an equal amount in double damages/liquidated damages;
- D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and
- E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## **COUNT II**
### *Wage & Hour Federal Statutory Violation against FRITS BOERS*

25. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

26. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendants, ROMINA AT THE BEACH, LLC.

27. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiffs.

28. As a corporate officer, Defendant possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

29. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *FLSA Retaliation against ROMINA AT THE BEACH, LLC*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

31. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

32. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

33. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaints regarding unpaid wages.

34. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65

years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiffs demands trial by jury of all issues triable as of right by jury.

Dated  5/30/19                    Respectfully submitted,

_____
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on _____5/30/19_____, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Mendy Halberstam, Esq.
E-mail: mendy.halberstam@jacksonlewis.com
Stephanie M. Spritz, Esq.
E-mail: stephanie.spritz@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7651
Facsimile: (305) 373-4466

_____
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com