UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 19-21902-CIV-MORENO

DANIEL CAMARGO,

    Plaintiff,

vs.

ROMINA AT THE BEACH, LLC, and
FRITZ BOERS,

    Defendants.
_____/

## **PLAINTIFF'S STATEMENT OF CLAIM**

Plaintiff, DANIEL CAMARGO ("Plaintiff"), by and through undersigned counsel, hereby states this claim as follows:

1. Plaintiff has endeavored at this stage of litigation to formulate this Statement of Claim on the basis of the best data available. In addition, this response is based upon the undersigned counsel's understanding of the facts and the information reviewed thus far.

2. Discovery is ongoing, thus this Statement of Claim, while believed to be accurate, does not constitute an affidavit or a binding statement and is subject to the Federal Rules of Evidence and Procedure. Because additional facts likely would be uncovered through further discovery, Plaintiff in no way waives any right to present new or additional information at a later date, for substance or clarification. Moreover, by submitting this Statement of Claim, Plaintiff does not waive, and hereby preserves, any and all substantive and procedural rights that may exist.

3. **Initial Estimate of the Total Amount of Alleged Unpaid Wages**: At this time, Plaintiff estimates that he is owed a total of $3,872.40 in unpaid overtime wages, plus an equal amount as liquidated damages, and reasonable attorney fees and costs.

4. **<u>Plaintiff's Calculation of Unpaid Wages</u>**: Plaintiff has worked for Defendants as non-exempt chef/line cook at their restaurant facility, The Fritz Café, from on or about November 2018 through on or about January 31, 2019 (approximately 10 weeks).

   a. From on or about November 2018 to on or about the end of December 2018 (approximately 6 weeks), Plaintiff was paid an inclusive salary of $42,000.00 annually. During this time period, Plaintiff worked approximately 35 hours of overtime per week, which was not compensated at the proper overtime wage rate of one-and-one-half times the regular rate of pay. Plaintiff's regular rate was $10.76 per hour ($42,000.00 / 52 weeks / 75 hours worked per week). At the half-time calculation, Plaintiff's overtime rate would be $5.38 per hour ($10.76 per hour x 0.5). Therefore, for this period, Plaintiff is owed $1,129.80 in unliquidated overtime damages ($5.38 overtime rate x 35 overtime hours worked per week x 6 weeks).

   b. From on or about January 2019 to on or about January 31, 2019 (approximately 4 weeks), Plaintiff was paid an inclusive salary of $45,000.00 annually. During this time period, Plaintiff worked approximately 35 hours of overtime per week, which was not compensated at the proper overtime wage rate of one-and-one-half times the regular rate of pay. Plaintiff's regular rate was $11.53 per hour ($45,000.00 / 52 weeks / 75 hours worked per week). At the half-time calculation, Plaintiff's overtime rate would be $5.76 per hour ($11.53 per hour x 0.5). Therefore, for this period, Plaintiff is owed $806.40 in unliquidated overtime damages ($5.76 overtime rate x 35 overtime hours worked per week x 4 weeks).

    c. In sum, Plaintiff is owed a total of $1,936.20 in unliquidated damages for unpaid overtime throughout his employment with Defendant.  Plaintiff is also owed an equal amount of $1,936.20 as liquidated damages.  In total, Plaintiff is owed $3,872.40 for his unpaid overtime claims.

5. **Nature of Wages:** Plaintiff is claiming unpaid overtime wages, plus an equal amount as liquidated damages, reasonable attorney's fees and costs, and any other relief this Court deems just and proper.  In addition, Plaintiff has claims for FLSA Retaliation, in which he seeks back pay, front pay, compensatory damages, reasonable attorney's fees and costs, and any other relief this Court deems just and proper.

6. **Attorney Fees:** Plaintiff is claiming attorney fees at a rate of $400 per hour. As of the present date, Plaintiff's counsel has spent approximately 15 hours in the case.

| TIME PERIOD | OVERTIME WAGE RATE | APPROX. UNPAID OVERTIME HOURS WORKED PER WEEK | NUMBER OF WEEKS | TOTAL OVERTIME WAGES OWED (unliquidated) |
|---|---|---|---|---|
| Nov. 2018 to Dec. 2018 (appx. 6 weeks) | $5.38 | 35 HOURS | 6 WEEKS | $1,129.80 |
| Jan. 2019 to Jan. 31, 2019 (appx. 4 weeks) | $5.76 | 35 HOURS | 4 WEEKS | $806.40 |
| | | | | |
| | | | Total Unpaid Overtime Wages | $1,936.20 |
| | | | Equal Amount as Liquidated Damages | $1.936.20 |
| | | | **TOTAL:** | **$3,872.40** |

Dated: June 14, 2019							Respectfully submitted,

											/s/ Max L. Horowitz
											**Anthony M. Georges-Pierre, Esq.**
											Florida Bar No.: 533637
											agp@rgpattorneys.com
											**Max L. Horowitz, Esq.**
											Florida Bar No.: 118269
											mhorowitz@rgpattorneys.com
											**REMER & GEORGES-PIERRE, PLLC**
											44 West Flagler Street, Suite 2200
											Miami, FL 33130
											Telephone: (305) 416-5000
											Facsimile: (305) 416-5005

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 14, 2019, I electronically filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the Florida Courts E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices.

Mendy Halberstam, Esq
mendy.halberstam@jacksonlewis.com
Stephanie M. Spritz, Esq.
stephanie.spritz@jacksonlewis.com
JACKSON LEWIS, P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, FL 33131
Tel: 305-577-7651
Fax: 305-373-4466

											/s/ Max L. Horowitz
											**Anthony M. Georges-Pierre, Esq.**
											Florida Bar No.: 533637
											agp@rgpattorneys.com
											**Max L. Horowitz, Esq.**
											Florida Bar No.: 118269
											mhorowitz@rgpattorneys.com